## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM LONDONO, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | No. _____ |
| § | |
| ROBERT BOSCH TOOL CORPORATION, § | |
| ROBERT BOSCH, LLC, and FREUD AMERICA, § | JUDGE _____ |
| INC. § | |
| § | |
| Defendants. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

William Londono, Plaintiff, files his Original Complaint, complaining of Robert Bosch Tool Corporation, Robert Bosch, LLC and Freud America, Inc., Defendants, as follows:

### I. PARTIES

1. William Londono resides in Keene, Johnson County, Texas, and is a resident of the State of Texas.

2. Defendant Robert Bosch Tool Corporation is a foreign for-profit corporation, headquartered in Broadview, Illinois, and may be served with process at Corporation Service Company d/b/a CSC – Lawyers Incorporate Service Company, 701 Brazos St., Suite 1050, Austin, TX 78701.

3. Defendant Robert Bosch, LLC is a foreign limited liability company, headquartered in Broadview, Illinois, and may be served with process at Corporation Service Company d/b/a CSC – Lawyers Incorporate Service Company, 701 Brazos St., Suite 1050, Austin, TX 78701.

4. Defendant Freud America, Inc. is a foreign for-profit corporation, headquartered in High Point, North Carolina, and may be served with process at Corporation Service Company d/b/a CSC – Lawyers Incorporate Service Company, 701 Brazos St., Suite 1050, Austin, TX 78701.

## II. JURISDICTION

5. The Court has jurisdiction of this case under 28 U.S.C. § 1332 since there is complete diversity of citizenship between Mr. Londono and the Defendants, and the amount in controversy exceeds $75,001.01, exclusive of interest and costs.

## III. VENUE

6. Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## IV. FACTS

7. This is a products liability/strict liability/negligence cause of action arising from an incident which occurred on March 28, 2018, when the Plaintiff suffered a severe eye injury caused by a defectively manufactured Diablo 10-in. table saw blade.

8. In December 2017, the Plaintiff purchased a 10-in. Diablo table saw blade, serial number Freud 14090894.

9. On March 28, 2018, in Refugio, Texas, the Plaintiff, an independent, self-employed residential home building subcontractor, was, for the first time, using the Diablo saw blade in question when, suddenly and without warning, a metal fragment broke off from the saw blade, hit the Plaintiff in his left eye and tore the retina in his left eye.

10. The Diablo saw blade in question was manufactured by Defendant Freud America, Inc. or one of its Italian subsidies.

11.     At the time of the incident made the basis of this lawsuit, Defendant Freud America, Inc. and its subsidiaries were owned and operated by the Defendants Robert Bosch Tool Corporation and/or Robert Bosch, LLC and had been since 2009.

## V. CAUSE OF ACTION

12.     The Diablo saw blade in question was unreasonably dangerous when sold to the Plaintiff and, as a result, the Defendants are jointly and severally strictly liable to the Plaintiff as the defective product manufactured by and sold by the Defendants was a producing cause of the Plaintiff's injuries and damages.

13.     The Defendants are also jointly and severally strictly liable to the Plaintiff for their breach of express and implied warranties to the Plaintiff in regard to the Diablo saw blade in question. This breach of express implied warranties was also a producing cause of Plaintiff's injuries and damages.

14.     The incident made the basis of this lawsuit was also caused by the negligence of the Defendants, and this negligence was the proximate cause of the injuries and damages to the Plaintiff for which the Defendants are jointly and severally liable.

## VI. DAMAGES

15.     As a result of this incident, Plaintiff suffered severe and disabling injuries to his left eye.  As the result of said injuries, he suffered severe pain, anguish, physical impairment, lost wages and a loss of wage earning capacity.  Said conditions have continued ever since the incident and will continue for a long time in the future.

16.     Furthermore, Plaintiff has received necessary medical treatment for his injuries and such treatment will continue for a long time in the future.  He has incurred fair, reasonable, usual and customary medical expenses for that treatment, and will incur additional expenses in the future.

## VII. JURY DEMAND

17. Plaintiff requests that a jury be convened to try the factual issues in this cause.

## VIII. PRAYER

18. Plaintiff asks upon final trial of this matter, he recover a judgment against Defendants that includes:

   a. damages in excess of the minimum jurisdictional limits of this Court;

   b. pre-judgment interest as provided by law;

   c. post-judgment interest at the highest rate allowed by law;

   d. costs of suit; and

   e. all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Sean McCaffity*

_____

Sean J. McCaffity
State Bar No.: 24013122
smccaffity@textrial.com
Alfred W. Ellis
State Bar No. 06560000
*Of Counsel*
al@textrial.com
SOMMERMAN, MCCAFFITY, QUESADA
& GEISLER, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 (Telephone)
(214) 720-0184 (Facsimile)

ATTORNEYS FOR PLAINTIFF