# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **WILLIAM LONDONO,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:20cv152 |
| **ROBERT BOSCH, LLC, ROBERT** § | |
| **BOSCH TOOL CORP. AND FREUD** § | |
| **AMERICA, INC.,** § | |
| § | |
| Defendants. § | |

### DEFENDANTS' FIRST AMENDED ANSWER TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Robert Bosch Tool Corporation and Freud America, Inc. (collectively, "Defendants") file this First Amended Answer to the claims asserted by Plaintiff William Londono ("Londono" or "Plaintiff") in this action. Defendants would respectfully show the following:

**I.     AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**PARTIES**

1. With respect to the statements and allegations contained in paragraph 1, Defendants lack sufficient knowledge or information to admit or deny that "William Londono resides in Keene, Johnson County, Texas and is a resident of the State of Texas."

2. With respect to the statements and allegations contained in paragraph 2, Defendants admit that Robert Bosch Tool Corporation is a foreign for-profit corporation but deny that it is headquartered in Broadview, Illinois. Defendants further deny that Robert Bosch Tool Corporation is "a/k/a Robert Bosch Tool Corporation in North America," and they deny that "Robert Bosch Tool Corporation in North America" is a legal entity. Defendants deny that Robert Bosch Tool

Corporation is a proper party to this matter as Robert Bosch Tool Corporation did not manufacture the saw blade in question.

3. With respect to the statements and allegations contained in paragraph 3, Defendants admit that Freud America, Inc. is a foreign for-profit corporation headquartered in High Point, North Carolina. Defendants deny that Freud America, Inc. is a proper party to this matter as Freud America, Inc. did not manufacture the saw blade in question.

## JURISDICTION

4. To the extent a response is required, Defendants admit that there is complete diversity between the parties, but lack sufficient knowledge or information to form a belief as to the amount in controversy.

## VENUE

5. No response to paragraph 5 is required. To the extent a response is required, Defendants admit that venue is proper in this Court.

## FACTS

6. With respect to paragraph 6, Defendants deny that the saw blade that was allegedly involved in the incident was defectively manufactured. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining statements and allegations.

7. With respect to paragraph 7, Defendants deny that the 10-in. Diablo saw blade that Plaintiff was using was new. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining statements and allegations.

8. With respect to paragraph 8, Defendants lack sufficient knowledge or information to form a belief about the truth of the statements and allegations contained therein.

9. With respect to paragraph 9, Defendants deny that the saw blade alleged to have been involved in this incident was manufactured by Defendant Freud America, Inc. Defendants further deny that Freud America, Inc. has any subsidiaries, including but not limited to "Freud Group Italy." Defendants further deny that an entity named "Freud Group Italy" manufactured the saw blade at issue.

10. With respect to paragraph 10, Defendants deny that Robert Bosch Tool Corporation is "a/k/a Robert Bosch Tool Corporation in North America," and they deny that "Robert Bosch Tool Corporation in North America" is a legal entity. Defendants admit that Robert Bosch Tool Corporation is part of the Bosch Group, and that the Bosch Group includes hundreds of subsidiaries in many countries. Defendants admit that in 2003, Robert Bosch GmbH combined portions of its North American Power Tool and Power Tool Accessory divisions, but deny the remainder of the statement. Defendants deny that "According to its own marketing, [Robert Bosch Tool Corporation] designs, manufactures and sells power tools and accessories, including tools and accessories by Bosch, Freud, and Diablo." Defendants admit that Robert Bosch Tool Corporation sells power tools and accessories, including certain tools and accessories that are manufactured by other entities.

11. With respect to paragraph 11, Defendants admit that Freud America, Inc. is owned by Robert Bosch Tool Corporation and has been since 2009. Defendants deny that Robert Bosch Tool Corporation is "a/k/a Robert Bosch Tool Corporation in North America," and they deny that "Robert Bosch Tool Corporation in North America" is a legal entity. Defendants deny that Freud America, Inc. has any subsidiaries, including "Freud Group Italy." Defendants further deny that an entity named "Freud Group Italy" manufactured the saw blade at issue.

## CAUSES OF ACTION

12. With respect to paragraph 12, Defendants deny all statements and allegations contained therein.

13. With respect to paragraph 13, Defendants deny all statements and allegations contained therein.

14. With respect to paragraph 14, Defendants deny all statements and allegations contained therein.

## DAMAGES

15. With respect to paragraph 15, Defendants deny that Plaintiff suffered a future loss of wage earning capacity. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining statements and allegations.

16. With respect to paragraph 16, Defendants lack sufficient knowledge or information to form a belief about the truth of the statements and allegations.

## JURY DEMAND

17. In response to paragraph 17, Defendants join in Plaintiff's request for jury trial, which will occur in the United States District Court for the Southern District of Texas in Corpus Christi.

## PRAYER

18. In response to all paragraphs under the section titled "Prayer," Defendants deny the allegations and deny Plaintiff is entitled to the relief requested.

## II.   AFFIRMATIVE DEFENSES

19. Neither Robert Bosch Tool Corporation nor Freud America, Inc. are proper parties to this action as these entities were not involved in the manufacture of the saw blade in question.

20. Plaintiff's claims are barred, in whole or in part, because any and all events and incidents relevant to the instant matter and any alleged injuries and/or damages were proximately caused or contributed to by Plaintiff's negligent operation of the saw and the purported saw blade in question.

21. Plaintiff's claims are barred, in whole or in part, as Plaintiff knowingly assumed the open and obvious risks of operating the saw and the purported saw blade in question.

22. Plaintiff's claims are barred, in whole or in part, as Plaintiff negligently operated the saw and the purported saw blade in question. Plaintiff's negligence includes, but is not limited to, Plaintiff seeing and understanding the warning on the product instructing him to wear protective eyewear and disregarding the warning.

23. Plaintiff's claims are barred, in whole or in part, by the disclaimer contained in the limited warranty on the product that is the basis of this lawsuit.

24. No actions, representations, conduct or omissions of Defendants caused Plaintiff to suffer any harm, loss, injury and/or damage, and the conduct of Defendants was not a substantial, significant, or otherwise relevant factor in bringing about Plaintiff's alleged injuries and/or damages. Accordingly, Defendants are not the proximate, producing, or legal cause of any damages allegedly sustained by Plaintiff.

25. Plaintiff's recovery, if any, should be barred or reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including the Plaintiff himself and any responsible third parties designated by Defendants.

26. Defendants plead that if the jury finds in favor of Plaintiff, then Defendants should be liable, if at all, only for the proportion of damages determined by the jury to be the result of the allocable percentage of fault on the part of Defendants.

27.     Defendants reserve the right to assert such other additional defenses that may subsequently become known and/or available to them.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court enter a judgment in this action denying Plaintiff all requested relief, and granting Defendants their costs, attorney's fees, and any other relief to which Defendants may show themselves so justly entitled.

Dated:  February 22, 2022                                      Respectfully submitted,

**DYKEMA GOSSETT PLLC**

*/s/  Jane E. Bockus*
**Jane E. Bockus**
Attorney in Charge
Texas State Bar No. 02541700
jbockus@dykema.com
Priscila Mosqueda De La Garza
Texas State Bar No. 24116792
pmosquedadelagarza@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas  78205
(210) 554-5500 - Telephone
(210) 226-8395 - Telecopier

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferenced with Plaintiffs' counsel, Al Ellis, pursuant to Fed. R. Civ. P. 15(a)(2), and he does not object to the filing of Defendants' First Amended Answer to Plaintiff's First Amended Complaint.

*/s/   Priscila Mosqueda De La Garza*
Priscila Mosqueda De La Garza

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy  of the foregoing document has been served on the following parties of record via the Court's ECF filing system in accordance with the Federal Rules of Civil Procedure on this the 22nd day of February, 2022:

  Sean J. McCaffity
  State Bar No. 24013122
  smccaffity@textrial.com
  Alfred W. Ellis, Of Counsel
  State Bar NO. 06560000

al@textrial.com
SOMMERMAN, MCCAFFITY, QUESADA I& GEISLER, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 - Telephone
(214) 720-0184 - Telecopier

*/s/   Jane E. Bockus*
Jane E. Bockus